UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

RAYMOND CLOUD,

        Plaintiff,

    -against-

US CONGRESS,

        Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
11 CV 3696 (CBA)

AMON, Chief Judge.

    Plaintiff, proceeding *pro se,* filed the instant complaint on July 29, 2011. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismisses the complaint for the reasons stated below.

### Background

    Plaintiff's complaint in its entirety states: "US Congress has pass[ed] a bill under Section code 512 that will allow an employer of government job worker to have a small implant in hands of a chip called RFID chip." Complaint at ¶ 2. It appears based on an article that plaintiff annexed to his complaint, that RFID stands for Radio Frequency Identification. See Dr. Monica Nogueira and Dr. Noel Greis, Uses of RFID Technology in U.S. Identification Documents, annexed to plaintiff's complaint. Plaintiff seeks 10 million dollars in damages.

### Standard of Review

    Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Furthermore, as plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89 (2007), and the Court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

## Discussion

Plaintiff may not bring suit against the United States Congress. The principles of sovereign immunity mandate that "the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." Adeleke v. U.S., 355 F.3d 144, 150 (2d Cir.2004) (citing United States v. Mitchell, 463 U.S. 206, 212 (1983)). Sovereign immunity is a jurisdictional bar which, absent a waiver, shields the federal government, its agencies and its officers acting in their official capacities from suit. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Moreover, congressional waiver of sovereign immunity must be express and unequivocal. It is the plaintiff's burden to demonstrate that sovereign immunity has been waived, and in the absence of such a waiver the Court lacks jurisdiction. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Here, plaintiff fails to show that the United States has waived its sovereign immunity, and thus the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B); see also Maarawi v. U.S. Congress, 24 Fed. Appx. 43 (2d Cir. 2001) (the United States Congress, as a body of the federal government, is entitled to sovereign immunity from tort action).

## Conclusion

Accordingly, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

_____
CAROL B. AMON
Chief United States District Judge

Dated: Brooklyn, New York
      August 19, 2011